**BAKER & HOSTETLER LLP, Appellant**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Appellee.**

No. 05–5185.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2006.

See also 473 F.3d 312, 2006 WL 3751451.

Mark A. Cymrot, Elliot J. Feldman, Michael Steven Snarr, Baker & Hostetler, Washington, DC, for Appellant.

R. Craig Lawrence, Claire M. Whitaker, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attor-

ney, U.S. Attorney's Office, Washington, DC, for Appellee.

On Motion for Recusal

KAVANAUGH, Circuit Judge.

Appellant Baker Hostetler submitted a motion requesting my recusal under the federal recusal statute if, in my prior work for President George W. Bush, I "personally participated on issues relating to the *Softwood Lumber* dispute between the United States and Canada." Mot. at 2; *see* 28 U.S.C. § 455. I denied the motion because recusal is not supported by or appropriate under either the specific provisions of § 455(b) or the general provision of § 455(a).

In this Freedom of Information Act litigation, Baker Hostetler seeks certain documents relating to the Department of Commerce's investigation of Canadian softwood lumber imports. The Department imposed duties on Canadian softwood lumber in early 2002. Later that year, Baker Hostetler filed two FOIA requests for Department documents. With respect to the documents that are at issue in this appeal, the Department claimed FOIA exemptions 4 and 5. *See* 5 U.S.C. § 552(b)(4)-(5). The District Court granted summary judgment to the Department. On appeal, Baker Hostetler has challenged the District Court's decision not to order disclosure of those documents and has moved for my recusal.

■ Section 455(b)(3) of Title 28 is the provision of federal law that specifically addresses the recusal of federal judges who formerly served in government. The statute requires recusal when a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). A "proceeding" is defined to include "pretrial, trial, appellate review, or other stages of litigation." 28 U.S.C. § 455(d)(1).

During my service in the Executive Branch, I did not participate in any stage of this Baker Hostetler litigation, nor did I express an opinion concerning the merits. Therefore, § 455(b)(3) does not support my recusal in this case.

■ Baker Hostetler also cites the requirement under § 455(b)(1) that a judge recuse if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." Mot. at 4. The questions in the Baker Hostetler case focus on whether particular Department of Commerce documents fall within certain FOIA exemptions. While serving in the Executive Branch, I did not obtain personal knowledge of any disputed evidentiary facts in this FOIA case.

■ Section 455(a)'s general "catch-all" provision requires recusal when a judge's "impartiality might reasonably be questioned." That section covers situations not addressed by § 455(b) that nonetheless might be appropriate for recusal. In § 455(b)(3), however, Congress clearly and specifically addressed the effect of prior government service on a judge's recusal obligations. Before enacting that law in 1974, Congress carefully studied the issue, including obtaining guidance from the then-recently amended ABA Code of Judicial Conduct. *See* H.R.Rep. No. 93–1453 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6351. In the statute, Congress chose to draw the recusal line for prior government employment at participation in the proceeding or expression of an opinion concerning the merits of the particular case in controversy. It bears emphasis, moreover, that Congress chose the "personal-participation" rule for recusal based on

prior *government* employment while simultaneously enacting a different and far broader "associational" rule for recusal based on prior *law firm* employment. *See* 28 U.S.C. § 455(b)(2).

As to prior government work, Congress was aware of the deeply rooted tradition of high-level Executive Branch and Legislative Branch officials assuming the bench. Based on that history and to avoid making it all but impossible for judges with such backgrounds to perform their judicial duties in many cases, Congress established the specific "personal-participation" rule in § 455(b)(3). In determining whether recusal is appropriate or inappropriate based on prior government employment, judges must respect the line drawn by Congress.

■ To be sure, Congress could not foresee every conceivable recusal scenario that might occur. Therefore, rare and extraordinary circumstances arising out of prior government employment—but not covered or envisioned by § 455(b)(3)—conceivably could occur and support recusal under § 455(a). Even so, this case is not such an extraordinary situation.

■ Baker Hostetler also contends that I should recuse if I provided policy advice to the President on the softwood lumber issue. Mot. at 3. Even if the factual premise of this claim were accurate, it would not provide a basis for recusal: Consistent with the line drawn by Congress in § 455(b)(3), judges who previously participated in policy matters and provided policy advice in government do not ordinarily recuse in litigation involving those policy issues. That principle was exemplified recently by Justice Breyer's participation in consideration of the constitutionality of the Sentencing Guidelines after serving as a member of the Sentencing Commission that helped draft the Guidelines. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *see also Laird v. Tatum*, 409 U.S. 824, 839, 93 S.Ct.

7, 34 L.Ed.2d 50 (1972) (Rehnquist, J.) (declining to recuse); *id.* at 831, 93 S.Ct. 7 ("[N]one of the former Justices of this Court since 1911 have followed a practice of disqualifying themselves in cases involving points of law with respect to which they had ... formulated policy prior to ascending to the bench."); *id.* (describing how Justice Black sat on cases assessing the constitutionality of the Fair Labor Standards Act after being one of its principal authors while a Senator); *id.* at 831–32, 93 S.Ct. 7 (describing how Justice Frankfurter sat on a case interpreting the scope of the Norris–LaGuardia Act after playing an important role in drafting it); *id.* at 832, 93 S.Ct. 7 (describing how Chief Justice Vinson sat on cases involving legislation he helped draft while in the House of Representatives); *cf. Carter v. West Publ'g Co.*, No. 99–11959–EE, 1999 WL 994997, at *9 (11th Cir. Nov.1, 1999) (Tjoflat, J.) ("Courts have uniformly rejected the notion that a judge's previous advocacy for a legal, constitutional, or policy position is a bar to adjudicating a case, even when that position is directly implicated in the case before the court."); *Schurz Communications v. FCC*, 982 F.2d 1057, 1061–62 (7th Cir.1992) (Posner, J.); *In re Executive Office of the President*, 215 F.3d 25, 25–26 (D.C.Cir.2000) (Tatel, J.).

Since assuming judicial office, I have recused as appropriate in several cases. *See, e.g., United States v. Rayburn House Office Bldg., Room 2113, Wash., DC 20515*, No. 06–3105 (D.C.Cir. July 28, 2006) (order); *Cobell v. Kempthorne*, 455 F.3d 317 (D.C.Cir.2006). In this case, however, recusal is not supported by or appropriate under either the specific provisions of § 455(b) or the general provision of § 455(a). Therefore, I denied the motion.